1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  | NOVELTY TEXTILES, INC., a | Case No. 2:16-cv-07831-DMG-AFM |
    California corporation

12              Plaintiff,                  *Assigned to Courtroom 8C*
                                            *The Hon. Judge Dolly M. Gee*
13   v.                                     *Referred to Magistrate Judge*
                                            *Alexander F. MacKinnon*
14
    SALT & PEPPER CLOTHING, INC., a   **STIPULATED PROTECTIVE**
15  California Corporation; AMAZON.COM,  **ORDER**[1]
    INC., a Washington Corporation;
16  FASTREND APPAREL, INC., a
    Delaware Corporation, individually and   Complaint Filed:  October 20, 2016
17  doing business as www.melodicday.com;  Trial Date:          N/A
    and DOES 1 through 10,
18
                Defendants.               **[DISCOVERY DOCUMENT:**
19                                          **REFERRED TO MAGISTRATE**
                                            **JUDGE ALEXANDER F.**
20                                          **MACKINNON]**

21

22

23

24

25

26

27  _____

28  [1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be

STIPULATED PROTECTIVE ORDER

1  designated as confidential for tactical reasons and that nothing be so designated

2  without a good faith belief that it has been maintained in a confidential, non-public

3  manner, and there is good cause why it should not be part of the public record of this

4  case.

5       C.     <u>ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER</u>

6               <u>SEAL</u>

7       The parties further acknowledge, as set forth in Section 12.3, below, that this

8  Stipulated Protective Order does not entitle them to file confidential information

9  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

10  the standards that will be applied when a party seeks permission from the court to file

11  material under seal.

12       There is a strong presumption that the public has a right of access to judicial

13  proceedings and records in civil cases.  In connection with non-dispositive motions,

14  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

15  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

16  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*,

17  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

18  cause showing), and a specific showing of good cause or compelling reasons with

19  proper evidentiary support and legal justification, must be made with respect to

20  Protected Material that a party seeks to file under seal.  The parties' mere designation

21  of Disclosure or Discovery Material as CONFIDENTIAL does not—without the

22  submission of competent evidence by declaration, establishing that the material

23  sought to be filed under seal qualifies as confidential, privileged, or otherwise

24  protectable—constitute good cause.

25       Further, if a party requests sealing related to a dispositive motion or trial, then

26  compelling reasons, not only good cause, for the sealing must be shown, and the relief

27  sought shall be narrowly tailored to serve the specific interest to be protected.  *See*

28  *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 667079 (9th Cir. 2010).  For each

item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include and explanation of why redaction is not feasible.

2.     <u>DEFINITIONS</u>

2.1     <u>Action</u>:   *Novelty Textiles, Inc. v. Salt & Pepper Clothing, Inc., et al.* Case No. 2:16-CV-07831-DMG-AFM.

2.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3.1  "<u>HIGHLY CONFIDENTIAL – AEO</u>" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that contain or constitute, at the time of designation, competitively sensitive or proprietary information, including trade secrets, research, analysis, development, financial or other commercial information of a non-public nature and non-public business or financial strategies, business plans, strategic plans, sales and marketing plans, sales data or other financial projections, supplier information, contracts or agreements, including any documentation that is considered confidential or

1  proprietary under other confidentiality or non-disclosure agreements and/or
2  information protected by the right of privacy and/or any applicable privilege.

3      2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as
4  their support staff).

5      2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or
6  items that it produces in disclosures or in responses to discovery as
7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO."

8      2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of
9  the medium or manner in which it is generated, stored, or maintained (including,
10  among other things, testimony, transcripts, and tangible things), that are produced or
11  generated in disclosures or responses to discovery in this matter.

12      2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter
13  pertinent to the litigation who has been retained by a Party or its counsel to serve as
14  an expert witness or as a consultant in this Action.

15      2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action.
16  House Counsel does not include Outside Counsel of Record or any other outside
17  counsel.

18      2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or
19  other legal entity not named as a Party to this action.

20      2.10  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party
21  to this Action but are retained to represent or advise a party to this Action and have
22  appeared in this Action on behalf of that party or are affiliated with a law firm which
23  has appeared on behalf of that party, and includes support staff.

24      2.11  <u>Party</u>:  any party to this Action, including all of its officers, directors,
25  employees, consultants, retained experts, and Outside Counsel of Record (and their
26  support staffs).

27      2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
28  Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing or sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of trial.

/ / /

/ / /

5.      DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a

STIPULATED PROTECTIVE ORDER

1   portion or portions of the material on a page qualifies for protection, the Producing

2   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

3   markings in the margins).

4        A Party or Non-Party that makes original documents available for inspection

5   need not designate them for protection until after the inspecting Party has indicated

6   which documents it would like copied and produced. During the inspection and

7   before the designation, all of the material made available for inspection shall be

8   deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," whichever

9   the case may be. After the inspecting Party has identified the documents it wants

10  copied and produced, the Producing Party must determine which documents, or

11  portions thereof, qualify for protection under this Order. Then, before producing the

12  specified documents, the Producing Party must affix the "CONFIDENTIAL" or

13  "HIGHLY CONFIDENTIAL – AEO" legend to each page that contains Protected

14  Material. If only a portion or portions of the material on a page qualifies for

15  protection, the Producing Party also must clearly identify the protected portion(s)

16  (e.g., by making appropriate markings in the margins).

17       (b)    for testimony given in depositions that the Designating Party identify

18  the Disclosure or Discovery Material on the record, before the close of the deposition

19  all protected testimony.

20       (c)  for information produced in some form other than documentary and for

21  any other tangible items, that the Producing Party affix in a prominent place on the

22  exterior of the container or containers in which the information is stored the legend

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" as may be

24  appropriate. If only a portion or portions of the information warrants protection, the

25  Producing Party, to the extent practicable, shall identify the protected

26  portion(s).

27       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

28  failure to designate qualified information or items does not, standing alone, waive the

STIPULATED PROTECTIVE ORDER

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

    6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGLY CONFIDENTIAL – AEO" only to: those persons identified in Section 7.2(a) and (c)-(i).  "HIGHLY CONFIDENTIAL-AEO" information may not be disclosed to the officers, directors or employees of the Receiving Party, but may be disclosed to House Counsel for the Receiving Party.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," that party must:

(a)    promptly notify in writing the Designating Party. Such notification  shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order  to issue in the other litigation that some or all of the material covered by the  subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" before a determination by the court from which the  subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and

10

1  nothing in these provisions should be construed as authorizing or encouraging a

2  Receiving Party in this Action to disobey a lawful directive from another court.

3  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4        PRODUCED IN THIS LITIGATION

5      (a)  The terms of this Order are applicable to information produced by a Non-

6  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL – AEO."  Such information produced by Non-Parties in connection

8  with this litigation is protected by the remedies and relief provided by this Order.

9  Nothing in these provisions should be construed as prohibiting a Non-Party from

10  seeking additional protections.

11      (b)  In the event that a Party is required, by a valid discovery request, to

12  produce a Non-Party's confidential information in its possession, and the Party is

13  subject to an agreement with the Non-Party not to produce the Non-Party's

14  confidential information, then the Party shall:

15        (1)  promptly notify in writing the Requesting Party and the Non-Party that

16  some or all of the information requested is subject to a confidentiality agreement with

17  a Non-Party;

18        (2)  promptly provide the Non-Party with a copy of the Stipulated

19  Protective Order in this Action, the relevant discovery request(s), and a reasonably

20  specific description of the information requested; and

21        (3)  make the information requested available for inspection by the Non-

22  Party, if requested.

23      (c)  If the Non-Party fails to seek a protective order from this court within 14

24  days of receiving the notice and accompanying information, the Receiving Party may

25  produce the Non-Party's confidential information responsive to the discovery request.

26  If the Non-Party timely seeks a protective order, the Receiving Party shall not

27  produce any information in its possession or control that is subject to the

28  confidentiality agreement with the Non-Party before a determination by the court.

1  Absent a court order to the contrary, the Non-Party shall bear the burden and expense
2  of seeking protection in this court of its Protected Material.

3  10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
5  Protected Material to any person or in any circumstance not authorized under this
6  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
7  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
8  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
9  persons to whom unauthorized disclosures were made of all the terms of this Order,
10  and (d) request such person or persons to execute the "Acknowledgment and
11  Agreement to Be Bound" that is attached hereto as Exhibit A.

12  11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
13        <u>PROTECTED MATERIAL</u>

14        When a Producing Party gives notice to Receiving Parties that certain
15  inadvertently produced material is subject to a claim of privilege or other protection,
16  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
17  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure
18  may be established in an e-discovery order that provides for production without prior
19  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
20  parties reach an agreement on the effect of disclosure of a communication or
21  information covered by the attorney-client privilege or work product protection, the
22  parties may incorporate their agreement in the stipulated protective order submitted to
23  the court.

24  12.   <u>MISCELLANEOUS</u>

25        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any
26  person to seek its modification by the Court in the future.

27        12.2   Right to Assert Other Objections. By stipulating to the entry of this
28  Protective Order no Party waives any right it otherwise would have to object to

STIPULATED PROTECTIVE ORDER

1  disclosing or producing any information or item on any ground not addressed in this

2  Stipulated Protective Order. Similarly, no Party waives any right to object on any

3  ground to use in evidence of any of the material covered by this Protective Order.

4      12.3   Filing Protected Material. A Party that seeks to file under seal any

5  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

6  only be filed under seal pursuant to a court order authorizing the sealing of the

7  specific Protected Material at issue. If a Party's request to file Protected Material

8  under seal is denied by the court, then the Receiving Party may file the information in

9  the public record unless otherwise instructed by the court.

10  13.   <u>FINAL DISPOSITION</u>

11      After the final disposition of this Action, as defined in paragraph 4, within 60

12  days of a written request by the Designating Party, each Receiving Party must return

13  all Protected Material to the Producing Party or destroy such material. As used in this

14  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

15  summaries, and any other format reproducing or capturing any of the Protected

16  Material. Whether the Protected Material is returned or destroyed, the Receiving

17  Party must submit a written certification to the Producing Party (and, if not the same

18  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

19  (by category, where appropriate) all the Protected Material that was returned or

20  destroyed and (2) affirms that the Receiving Party has not retained any copies,

21  abstracts, compilations, summaries or any other format reproducing or capturing any

22  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

23  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

24  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

25  reports, attorney work product, and consultant and expert work product, even if such

26  materials contain Protected Material. Any such archival copies that contain or

27  constitute Protected Material remain subject to this Protective Order as set forth in

28  Section 4 (DURATION).

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  January 31, 2017              DONIGER/BURROUGHS


                                      By:   /s/ Trevor Barrett
                                         Stephen M. Doniger
                                         Scott A. Burroughs
                                         Trevor W. Barrett
                                         Justin M. Gomes
                                      Attorneys for Plaintiff,
                                      NOVELTY TEXTILES, INC

DATED:  January 31, 2017
                                      DOLL AMIR & ELEY LLP


                                      By:   /s/ L. Katie Machado
                                         Gregory L. Doll
                                         L. Katie Machado
                                      Attorneys for Defendant,
                                      AMAZON.COM, INC.


DATED:  January 31, 2017              FRANK N. LEE LAW OFFICES


                                      By:   /s/ Frank N. Lee
                                         Frank N. Lee
                                      Attorneys for Defendant
                                      SALT & PEPPER CLOTHING, INC.

1    I, L. Katie Machado, am the ECF user whose identification and password are

2    being used to file this stipulation. I hereby attest that all other signatories have

3    concurred in this filing.

4    */s/ L. Katie Machado*

5    */ / /*

6    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

7

8    DATED:2/2/2017    _____

9    ALEXANDER F. MACKINNON
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Novelty Textiles, Inc. v. Salt & Pepper Clothing, Inc., et al.* Case No. 2:16-CV-07831-DMG-AFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A TO STIPULATED PROTECTIVE ORDER